**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**IN RE: Grace Progressive Missionary Baptist Church, Inc.**
**Debtor(s). /**

**Chapter 11**
**Case No. 8:12-bk-05123-KRM**

# AMENDED MOTION TO APPROVE COMPROMISE OF CONTROVERSY

THE DEBTOR, Grace Progressive Missionary Baptist Church, Inc., by and through its undersigned counsel, pursuant to Rule 9019 of the Rules of Bankruptcy Procedure, moves this Court for an entry of an order authorizing a compromise of controversy by and between the Debtor and creditor, Evangelical Christian Credit Union ( herein "ECCU"), and in support would state as follows:

1. On April 3, 2012, the Debtor, Grace Progressive Missionary Baptist Church, Inc., filed its voluntary petition under Chapter 11 of the United States Bankruptcy Code.
2. The Debtor is a church located in Bradenton, Florida.
3. The primary creditor listed on the Debtor's schedules is ECCU, which holds a first mortgage on the Debtor's church premises located at 1107 6th Street West, Bradenton, Florida.
4. On May 9, 2012, creditor ECCU filed a Motion for Relief from Stay or, in the Alternative, Motion to Dismiss Bankruptcy Case.
5. On June 8, 2012, an order was entered granting Adequate Protection and continuing the hearing on ECCU's Motion For Relief from Stay to the Confirmation hearing date.
6. On June 25, 2012, the Debtor filed its Plan of Reorganization.
7. On August 9, 2012, creditor ECCU filed an Objection to and Reservation and Assertion of Rights with Respect to the Debtor's Proposed Plan of Reorganization.
8. The Debtor and creditor ECCU wish to settle and resolve their conflicts and seek court approval of the Settlement Agreement, which is attached hereto as Exhibit "A".
9. The basic summary of the terms of the Settlement Agreement are as follows:

   a. The Debtor would file an Amended Plan, which would incorporate the terms of the

settlement;

b. ECCU will have an allowed secured claim of $470,000.00 and an allowed unsecured claim of $74,492.18.

c. The Debtor shall pay the allowed secured claim at 8.625% interest, with interest only payments of $3,331.85.

d. The Debtor shall pay 15.00% of the allowed ECCU unsecured claim in sixty (60) equal monthly installments.

e. The secured principal amount of $470,000.00, and any remaining unsecured claim amount, will balloon sixty (60) months from the date an order is entered confirming the Amended Plan, and the Debtor must pay said claims, in full, on said maturity date.

f. If the Debtor defaults in the Plan payments, ECCU may file a Motion for Entry of Final Judgment of Foreclosure and a Default Affidavit with the State Court.

g. The Debtor shall receive five (5) business days notice of a Motion for Entry of Final Judgment of Foreclosure and a Default Affidavit. The Debtor may, within that time, file an affidavit in the foreclosure action contesting whether or not the default, in the affidavit, in fact occurred, but the Debtor may not raise any other defense in opposition to the proposed entry of judgment.

h. The Bankruptcy Court must approve this settlement.

i. The State Court must approve this settlement and the proposed foreclosure judgment and retain jurisdiction over the Settlement Agreement.

10. The Debtor believes that considering the facts of this case, including, the difficulties and expense of continuing to litigate the issues, the settlement is fair and equitable and in the best interest of the estate and other parties of interest.

WHEREFORE, the Debtor requests that the Court enter an order granting this amended motion and approving the Settlement Agreement between the Debtor and creditor ECCU.

MELODY D. GENSON, Attorney at Law
Attorney For Debtor

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copy of the foregoing has been furnished this 11th day of Sept, 2012 by U.S. Mail postage prepaid to the following named addressees: **U.S. Trustee's Office**, 501 E. Polk St., Suite 1200, Tampa, FL 33602; **Shutts & Bowen, LLP, Attorney For movant,** Attn. James A. Timko, Esquire, 4301 W. Boy Scout Blvd., Suite 300, Tampa, FL 33607; **Evangelical Christian Credit Union,** 955 West Imperial Highway, P.O. Box 2400, Brea, CA 92822-2400; GE Capital Retail Bank, c/o Recovery Management Systems Corp., 25 SE 2nd Ave Suite 1120, Miami FL 33131-1605

MELODY D. GENSON, Attorney at Law
2750 Ringling Blvd., Suite 3
Sarasota, Florida 34237
(941) 365-5870
Florida Bar No. 342092

EXECUTION COPY

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered this 15th day of August, 2012, by and among Grace Progressive Missionary Baptist Church, Inc. ("**Debtor**"), on the one hand, and the Evangelical Christian Credit Union ("**ECCU**"), on the other hand (Debtor and ECCU are collectively referred to herein as the "**Parties**").

## RECITALS

WHEREAS, ECCU is the owner and holder of the following loan documents under which Debtor is the borrower, which are identified as follows:

a) That certain Promissory Note dated July 5, 2007 in the original principal amount of $675,000.00 (the "**Note**");

b) That certain Business Loan Agreement executed by Debtor and ECCU dated July 5, 2007 (the "**Loan Agreement**");

c) That certain Mortgage executed by Debtor securing payment of the Note to ECCU and dated July 5, 2007 (the "**Mortgage**"), which was recorded on July 9, 2007 in Official Records Book 2214, Pages 4411-4421, of the Public Records of Manatee County, Florida and mortgaged the real and personal property described therein;

d) That certain Assignment of Rents executed by Borrower securing payment of the Note to ECCU and dated July 5, 2007 (the "**Assignment**"), which was recorded on July 9, 2007 in Official Records Book 2214, Pages 4422-4431, of the Public Records of Manatee County, Florida and perfecting Lender's security interest in the property described therein;

The documents listed in sub-paragraphs "**a**" through "**d**", inclusive, shall be collectively referred herein as the "**Loan Documents**".

WHEREAS as a result of Debtor's defaults under the Loan Documents by, among other things, failing to make the required payments under the Note, ECCU filed its Verified

Exhibit "A"

Foreclosure Complaint commencing case number 2012-CA-001307 (the "**Foreclosure Action**"), which is pending before the Circuit Court of the Twelfth Judicial Circuit in Manatee County, Florida (the "**State Court**"). In order to stay the Foreclosure Action, the Debtor filed for protection under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"), which case remains pending before the United States Bankruptcy Court for the Middle District of Florida, Orlando Division (the "**Bankruptcy Court**"), under case number 8:12-bk-05123-KRM (the "**Bankruptcy Case**");

WHEREAS that certain Motion for Relief From Stay, or in the Alternative, Motion to Dismiss Bankruptcy Case filed by ECCU in the Bankruptcy Case is currently pending before the Bankruptcy Court in the Bankruptcy Case;

WHEREAS, on June 25, 2012, Debtor filed a Plan of Reorganization and Disclosure Statement and ECCU objects to the confirmation of the Plan;

WHEREAS, under the Loan Documents ECCU holds a fully perfected, first-priority mortgage lien upon and blanket security interest in all of Debtor's real and personal property comprising that certain Church and vacant lot as more fully described in the Verified Foreclosure Complaint initiating the Foreclosure Action (the "**Church**"), including and any and all rents, profits, and proceeds derived from the operation and management therefrom and Debtor hereby acknowledges ECCU's fully perfected first-priority mortgage lien and blanket security interest;

WHEREAS, the Bankruptcy Case was filed on April 3, 2012 (the "**Petition Date**");

WHEREAS, Debtor owed ECCU $544,492.18 under the Loan Documents as of the Petition Date;

WHEREAS, Debtor, on the one hand, and ECCU, on the other hand, desire to resolve all disputes and matters between them relating to the Bankruptcy Case, provide an outline for a

consensual amended plan of reorganization in the Bankruptcy Case, and provide for the resolution of the Foreclosure Action, and provide for certain other matters as more fully set forth herein.

NOW THEREFORE, for and in consideration of the foregoing premises, the mutual covenants herein contained, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and accepted, the parties agree as follows:

1. The Parties acknowledge and agree that all of the above recitals are true and correct and fully incorporated herein.

2. Debtor shall propose an amended plan of reorganization in the Bankruptcy Case (the "**Amended Plan**") which shall be subject to ECCU's approval and include the material terms and provisions of this Settlement Agreement as stated herein.

3. Debtor and ECCU stipulate and agree that ECCU shall be conclusively deemed to hold a fully and finally allowed secured claim in the Bankruptcy Case against Debtor's bankruptcy estate in the amount of $470,000.00 (the "**Allowed Secured Claim**") and ECCU is deemed to hold a fully and finally allowed unsecured claim in the amount of $74,492.18 (the "**Allowed Unsecured Claim**"). Further, such parties do further stipulate and agree that ECCU's fully perfected, first-priority security interest has not and will not be changed by the filing of the Bankruptcy Case, remains and continues in existence since the filing of the Bankruptcy Case, and ECCU shall continue to retain its fully perfected security interest in all of ECCU's real and personal property as reflected in the Loan Documents and the Amended Plan and any Order confirming such Amended Plan shall contain language reflecting ECCU's continuing security interest.

4. Debtor shall commence making monthly interest only payments on such Allowed Secured Claim in the amount of $3,331.85 ("**Interest Payments**") (utilizing the interest rate of 8.625% applied to the amount of the Allowed Secured Claim) commencing on the 15th day of the month immediately following entry of an order confirming the Amended Plan contemplated herein, and continuing on the 15th of each month thereafter.

5. Prior to confirmation of the Amended Plan contemplated herein, the Debtor will continue to make the monthly payments required by the Bankruptcy Court's Order Regarding Evangelical Christian Credit Union's Motion for Relief from Stay, or, in the Alternative, Motion to Dismiss Case.

6. On or before the conclusion of sixty (60) months calculated from the date an order is entered confirming the Amended Plan (the "**Maturity Date**"), in full satisfaction of the indebtedness owed hereunder, the Amended Plan and Loan Documents and any amendments and/or modification thereto, the Debtor shall pay the full principal amount of $470,000.00 (the "**Principal Amount**") (this amount is entirely exclusive of the Interest Payments).

7. The Amended Plan shall require the Debtor to make at least a 15% distribution to all unsecured claims of the Debtor, including the Allowed Unsecured Claim. The Debtor shall provide each unsecured claimant, including ECCU, a promissory note with a 60-month term and paid in 60 equal installments and to be paid in full on or before the same date as the full payment of the Principal Amount. To be clear, failure to make a full 15% distribution on the Allowed Unsecured Claim shall result in a default of this Agreement and the Loan Documents.

8. The parties hereto shall execute such amendments and/or modifications to the Loan Documents as ECCU determines is necessary in order to implement the terms hereof. Such

modifications and/or amendments shall be in a form and substance satisfactory to ECCU in its sole discretion.

9. If Debtor defaults under any terms of this Settlement Agreement, the Loan Documents and/or any amendments thereto, or any of the provisions of the Amended Plan relating to the treatment of ECCU, the Allowed Secured Claim, or the Allowed Unsecured Claim, subject only to cure provisions in the Loan Documents and/or following the occurrence of any default of the terms of this Settlement Agreement, the Amended Plan, or the Loan Documents as modified and/or amended, or upon Debtor's failure to pay, in full, the entire amount of the indebtedness on or before the Maturity Date, ECCU shall, at its option, have the right to file a Motion for Entry of Final Judgment of Foreclosure ("**Motion**") and request the entry of a Final Judgment of Foreclosure in a substantially similar form as that attached hereto as **Exhibit "A"** (the "**Judgment**") for entry by the State Court in the Foreclosure Action together with an affidavit (the "**Default Affidavit**") executed by any officer of ECCU specifying the occurrence of a default by Debtor and the circumstances making the entry of the Judgment appropriate under this Settlement Agreement, the Amended Plan, and/or the Loan Documents as modified, and any amendments thereto. Debtor shall receive five (5) business days notice (the "**Notice Period**") from receipt of the Motion and Default Affidavit to the State Court in the Foreclosure Action. Within the Notice Period, the Debtor may file an affidavit in the Foreclosure Action contesting, and only contesting, whether or not the default(s) reflected in the Default Affidavit in fact occurred; Debtor may not raise any other defenses, excuses, alleged justifications or other basis or claim in opposition to the proposed entry of the Judgment.

10. Nothing herein shall result in ECCU waiving its rights to seek and include in the Judgment any and all amounts incurred relating to enforcing its rights under the Loan

Documents. The amounts incurred shall include, as applicable under state law and the Loan Documents, all default interest and fees and costs incurred expended to enforce ECCU's rights under the Loan Documents, this Settlement Agreement and/or the Amended Plan whether incurred prior to or during the Foreclosure Action, the Bankruptcy Case or while enforcing the terms of this Settlement Agreement.

11. Except as otherwise expressly amended herein, by the Amended Plan, and/or any subsequent amendment or modification of the Loan Documents, the Loan Documents are reinstated and reaffirmed in all respects including, without limitation, the provisions thereof requiring the payment of ECCU's attorneys' fees upon default, to insure the Church, and to pay real property taxes.

12. It shall be an express condition of the Amended Plan becoming effective that within thirty (30) days of the Bankruptcy Court entering an Order confirming the Amended Plan (a) the State Court enters an Order approving this Settlement Agreement and the form of Judgment attached hereto in the Foreclosure Action and retaining jurisdiction over the Settlement Agreement; (b) the Bankruptcy Court enters an Order approving this Settlement Agreement; and (c) any and all documents that ECCU deems necessary to enforce the terms of this Settlement Agreement and/or the Amended Plan, including any amendments to the Loan Documents, have been executed.

13. Debtor hereby waives and releases any and all claims, defenses and/or offsets which Debtor has or may have with respect to the enforcement of the Loan Documents, this Settlement Agreement and/or the Amended Plan and further agrees, promises, and covenants not to raise or assert any such claims, defenses, and/or offsets, if any, against ECCU in any civil proceeding or otherwise.

14. Debtor, for itself and its legal representatives, successors, predecessors, heirs and assigns, and their officers, directors, stockholders, equity holders, agents, servants, employees, parishioners, clergy, and assigns hereby release, acquit, and forever discharge ECCU and its successor, predecessors, legal representatives and assigns and the officers, directors, stockholders, equity holders, agents, servants, and employees of all of them (the "**Released Parties**") of and from any and all claims, demands, debts, actions, and causes of action, which they may now have or might hereafter assert against the Related Parties by reason of any act, matter, contract, agreement, or thing whatsoever from the beginning of the world up to the date hereof.

15. The terms and provisions of this Settlement Agreement and the Parties' obligations hereunder are expressly contingent upon the following: (a) the entry of an Order by the Bankruptcy Court approving the terms hereof, (b) the entry of an order confirming the Amended Plan in the Bankruptcy Case which includes the terms hereof, or as otherwise may be agreed by Parties hereto, on or before October 15, 2012 (subject only to the availability of the Court or an agreement of the Parties); and (c) approval of this Settlement Agreement and retention of jurisdiction thereof by the State Court.

16. The automatic stay imposed by section 362 of the Bankruptcy Code shall be modified to allow ECCU to take any and all actions relating to accomplishing the terms of this Settlement Agreement or to enforce its terms, including (i) serving a notice of default; (ii) seeking entry of the Judgment and exercising ECCU's rights, remedies, and privileges thereunder, (iii) taking such action as is appropriate or necessary to preserve the Foreclosure Action pending satisfaction by Debtor of each and every and all obligation of Debtor to ECCU under this Settlement Agreement and/or the Amended Plan; and (iv) taking such appropriate

action to preserve ECCU's security interest in Debtor's real and personal property. Furthermore, Debtor will cooperate with ECCU to ensure that the State Court approves this Settlement Agreement and maintains the Foreclosure Action and retains jurisdiction with respect to enforcing this Settlement Agreement and, if necessary, the entering of the Judgment.

17. The automatic stay is modified to allow ECCU to enforce all of its rights, remedies and privileges with respect to the Debtor and the Church.

18. The Amended Plan will contain an exemption under 1146 of the Bankruptcy Code exempting ECCU from any applicable state or local taxes that could be imposed due to the transaction contemplated herein.

19. The Amended Plan may not be modified, either before or after confirmation, without written consent of ECCU subject to ECCU's sole and absolute discretion.

20. Except as expressly stated in the Amended Plan, any Order of the Bankruptcy Court confirming the Plan, and any amendments or modification of the Loan Documents, this Settlement Agreement contains all of the promises, covenants and agreements of the Parties with respect to the subject matter hereof. There are no other promises, covenants or agreements, whether oral or written, except as expressly set forth herein. This Settlement Agreement may not be modified except by a writing signed by all Parties hereto.

21. This Settlement Agreement may be executed in more than one counterpart, each of which shall be deemed an original, and all of which shall constitute one and the same instrument.

22. Debtor and ECCU represent one to the other that he, she or it has read and considered the terms hereof, has reviewed the terms hereof to the extent desired with his, her or its legal counsel, and enters into the same as his, her or its own free and voluntary act.

23. The parties hereto do stipulate and agree that all parties participated in the drafting of this Settlement Agreement, and the terms and provisions hereof shall not be construed either strongly against or in favor of any other Party hereto.

24. Any notice required or permitted hereunder shall be made in writing, and sent by facsimile and/or electronic transmission, to the Parties at the contact information set forth hereafter, and shall be deemed received on the date of a confirmed, actual transmission:

(a) If to ECCU:

Steve Worthington
Executive Vice President and Chief Credit Officer
Evangelical Christian Credit Union
955 W. Imperial Highway
Brea, California 92821

With a copy to:

James A. Timko
Shutts & Bowen LLP
300 S. Orange Ave, Suite 1000
Orlando Fl 32801
(407) 849-7201 (facsimile)
jtimko@shutts.com

(b) If to Debtor

Bernis Boykins
President/Registered Agent
1022 Lewis Ave.
Bradenton, FL 34208

Grace Progressive Missionary Baptist Church, Inc.
Attn: Pastor Danny Harris
1107 6th Street West
Bradenton, FL 34205

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement and affixed their seals hereon, all as of the day and year first above written.

Witnesses:

[signature]
*Printed Name:* Melody D. Genson

[signature]
*Printed Name:* Melanie Courter

**GRACE PROGRESSIVE MISSIONARY BAPTIST CHURCH, INC.**

By: [signature]
Name: Bernis Boykins Jr
Title: President

STATE OF FLORIDA )
) ss.
COUNTY OF Sarasota )

On August 28, 2012 before me, Chrystal Chavez, Notary Public, personally appeared Bernis Boykins, personally known to me to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Notary Public State of Florida
Chrystal Chavez
My Commission EE072851
Expires 09/25/2014

[signature]
Notary Public

Witnesses:

*Printed Name:* Fannie Ezell

*Printed Name:* Amy Blazak

**EVANGELICAL CHRISTIAN CREDIT UNION**

By:____________________
Name: S. Robert Yi
Title: Executive Vice President

STATE OF ~~FLORIDA~~ CALIFORNIA )
) ss.
COUNTY OF ORANGE )

On AUGUST 15, 2012 before me, DONNA MAULIT, Notary Public, personally appeared S. ROBERT YI, personally known to me to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

DONNA MAULIT
Commission # 1819020
Notary Public - California
Orange County
My Comm. Expires Oct 21, 2012

Notary Public

**Exhibit A**

**Judgment**

ORLDOCS 12582736 4

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA

EVANGELICAL CHRISTIAN CREDIT UNION,

CASE NO.: 2012-CA-001307

Plaintiff

vs.

GRACE PROGRESSIVE MISSIONARY BAPTIST CHURCH, INC., UNKNOWN TENANT #1, UNKNOWN TENANT #2, and UNKNOWN TENANT #3,

Defendants.
_________________________________/

## FINAL JUDGMENT OF FORECLOSURE

THIS ACTION came before the Court on the Motion for Entry of Final Judgment of Foreclosure and Default Affidavit submitted by Plaintiff, EVANGELICAL CHRISTIAN CREDIT UNION ("Plaintiff"), pursuant to that Settlement Agreement dated August 15, 2012 and approved by this Court on _________:

**IT IS ORDERED AND ADJUDGED that:**

1. The Loan Documents sued upon by Plaintiff in this cause constitute a valid first lien upon the property hereafter described, are valid and binding, and the Loan Documents are in default; the equities are with Plaintiff; this Court has jurisdiction of the parties in this cause and its subject matter.

2. **Amounts Due.** There is due and owing to the Plaintiff from Defendant, GRACE PROGRESSIVE MISSIONARY BAPTIST CHURCH, INC. ("Defendant"), the following sums:

| | | |
|---|---|---|
| Principal | $ | 510,173.28 |
| Interest from _______ to _______ | $ | |

| | |
|---|---|
| ($______ per diem) | |
| Late Charges | $ |
| Bank Fees | $ |
| Stipulated Costs | $ |
| Stipulated Attorneys' Fees | $ |
| **GRAND TOTAL:** | $ |

3. **Interest.** The Grand Total amount referenced in Paragraph 2 shall bear interest from this date forward at the prevailing legal rate of interest of 4.75%.

4. **Lien on Property.** Plaintiff holds a lien for the Grand Total sum specified in Paragraph 3 herein. The lien of the Plaintiff is superior in dignity to any right, title, interest or claim of the Defendant and all persons, corporations, or other entities claiming by, through, or under the Defendant or any of them and the property will be sold free and clear of all claims of the Defendant, with the exception of any assessments that are superior pursuant to Florida Statutes, Section 718.116. The Plaintiff's lien encumbers the subject property located in Manatee County, Florida and described as:

**Parcel 1A: Lot 6, Block A, Horton's Subdivision, in the Southeast 1/4 of the Northwest 1/4 of the Northeast 1/4 of Section 35, Township 34 South, Range 17 East, according to the plat thereof as recorded in Plat Book 1, Page 134, of the Public Records of Manatee County, Florida.**

**Parcel 2A: Lots 2, 3, 4, 5 and the North 50 feet of Lots 10, 11, and 12, Block A, Horton's Subdivision, in the Southeast 1/4 of the Northwest 1/4 of the Northeast 1/4 of Section 35, Township 34 South, Range 17 East, according to the plat thereof as recorded in Plat Book 1, Page 134, Public Records of Manatee County, Florida**

**Together with all Personal Property defined as all equipment, fixtures, and other articles of personal property now or hereafter owned by Grantor, and now or hereafter attached or affixed to the Real Property; together with all**

**accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property.**

5. **Sale of Property.** If the Grand Total amount specified in Paragraph 2 with interest at the rate described in Paragraph 3 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale, to the highest bidder for cash, at 11:00 a.m. on ________________, **2012**, conducted on-line via www.manatee.realforeclose.com, after having first given notice as required by Section 45.031, Florida Statutes, except the Clerk shall not conduct the sale unless Plaintiff or its representative is present to bid at the sale. Furthermore, Plaintiff may cancel the sale on notice to the Clerk and without order of the Court.

6. **Costs.** Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property at the sale. If Plaintiff is the purchaser, the Clerk shall credit Plaintiff's bid with the Grand Total sum due with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full. The Clerk shall receive the service charge imposed in Section 45.031, Florida Statutes, for services in making, recording, and certifying the sale and title that shall be assessed as costs.

7. **Right of Redemption.** On filing the Certificate of Sale, Defendant's right of redemption as proscribed by Florida Statutes, Section 45.0315 shall be terminated.

8. **Distribution of Proceeds.** On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of Plaintiff's costs; second, documentary stamps affixed to the Certificate; third, Plaintiff's attorneys' fees;

fourth, the Grand Total sum due to Plaintiff, less the items paid, plus interest at the rate prescribed in Paragraph 3 from this date to the date of the sale. During the sixty (60) days after the Clerk issues the certificate of disbursements, the Clerk shall hold the surplus pending further Order of this Court.

9. **Right of Possession.** Upon filing of the Certificate of Title, Defendant and all persons claiming under or against Defendants since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property and the purchaser at sale shall be let into possession of the property.

10. IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

11. Prior to the foreclosure sale in this action, Plaintiff may assign this judgment and the credit bid without further order of Court, and the Clerk is hereby directed to accept such assignment and credit bid without further order of Court.

12. **Jurisdiction.** The Court retains jurisdiction over this action to enter further orders that are proper, including, without limitation, writs of possession and deficiency judgments against Defendant, GRACE PROGRESSIVE MISSIONARY BAPTIST CHURCH, INC.

DONE AND ORDERED in Manatee County, Florida this ____ day of ________________, 201__.

________________________________
CIRCUIT JUDGE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the ____ day of ___________, 20___, a true and correct copy of the foregoing has been furnished, via U.S. Mail, postage prepaid, to:

Melody Genson, Esq.
2750 Ringling Blvd., Ste. 3
Sarasota, FL 34237
**Attorney for Defendant**

Eric C. Reed, Esq.
Shutts & Bowen, LLP
300 S. Orange Ave., Suite 1000
Orlando, FL 32801
**Attorney for Plaintiff**

________________________________
Judicial Assistant / Attorney